Ms. Paula Pumphrey, Director Arkansas Adult Probation Commission 1210 Tower Building Little Rock, AR 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion on several questions regarding the expungement of the records of persons placed on probation under various Arkansas statutes, and regarding probation supervision fees. Your questions will be restated and addressed in the order posed.
 (1) Can the records of a person placed on probation with a fine imposed be expunged by the sentencing judge upon the person's release from probation?
In my opinion, the answer to this question depends upon the statute under which a person is sentenced. As an initial matter, there must be legislative authorization for expungement of the records. The statutes currently providing for expungement of criminal records are A.C.A. §§ 16-90-601—605 (1987 and Cum. Supp. 1991), A.C.A. §§ 16-93-301—304 (1987), and A.C.A. §§16-93-501—510 (1987 and Cum. Supp. 1991). The sentencing alternatives contained in these provisions vary, as does the language regarding when a record becomes eligible for expungement and who is responsible for ordering and carrying out the expungement. See, e.g., A.C.A. § 16-93-303 (1987); A.C.A. § 16-93-507(b) (Cum. Supp. 1991); A.C.A. § 16-93-303(b) (1987); A.C.A. § 16-93-510(a) (Cum. Supp. 1991). In addition, it is important to know whether any fine that has been imposed has been paid, as the nonpayment of a fine may prevent expungement of the records. See Atty. Gen. Op. No. 91-247.
In summary, the many variables inherent in your first question preclude a general "yes" or "no" response. A correct answer necessarily depends upon the particular circumstances and provisions involved.
 (2) When a person placed on probation under Act 378 is later revoked, should the record be expunged after completion of the prison sentence and parole? If the record should be expunged, who would be responsible?
The answer to the first part of this question is, in my opinion, "yes." Act 378 of 1975, codified at A.C.A. § 16-93-501 to -510 (1987 and Cum. Supp. 1991), appears to contemplate expungement of a person's records despite the fact that his or her probation has been revoked. Section 16-93-507(b), subsections (3), (4), and (5) specifically address the sentencing of a person upon the revocation of his or her probation, and § 16-93-510(a) specifically provides for expungement of the records of a person sentenced under those sections. With regard to responsibility for the expungement, § 16-93-510(a) provides that the board shall direct the expungement of the records of persons sentenced pursuant to subsections (4) and (5). The board is defined in A.C.A. § 16-93-502(2) (Cum. Supp. 1991) as the State Board of Parole and Community Rehabilitation.
 (3) When a person placed on probation under Act 346 is later revoked, should the record be expunged after completion of the prison sentence and parole? If the record should be expunged, who would be responsible?
It is my opinion that the answer to the first part of this question is "no." Act 346 of 1975, codified at A.C.A. §§16-93-301 to -304 (1987), does not specifically provide for the expungement of records in the event of the revocation of a person's probation imposed thereunder. Rather, Section16-93-303(a)(2) provides merely that upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided. In my opinion, Act 346 does not contemplate expungement of a person's records under those circumstances. Section 16-93-303(b)(1) provides:
 Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record.
The above language authorizes expungement only upon fulfillment of the terms and conditions of probation or upon early release from probation by the court. Revocation of a person's probation occurs only upon the violation of a term or condition of probation and would necessarily preclude the fulfillment of the specified terms and conditions. While a person could successfully complete any sentence imposed pursuant to the revocation of his probation, § 16-93-303(b)(1) does not provide for the expungement of records upon the completion of a sentence. Accordingly, it is my opinion that Act 346 does not authorize the expungement of a person's records after revocation of probation imposed thereunder. The second part of this question is thus moot.
 (4) When a person is placed on probation under Act 378 or Act 346, are the probation files public records, subject to public inspection during the probation sentence?
As this office has previously stated in Opinion Numbers 89-028 and 89-080, copies of which are enclosed, probation records are subject to public inspection and copying to the extent permitted by the Freedom of Information Act (FOIA) and other applicable laws. As these opinions point out, the FOIA contains no exemption from inspection and copying for probation records. Likewise, the confidentiality provisions in the Code sections governing probation records, particularly those in Act 378 (A.C.A. §16-93-501—510 (1987 and Cum. Supp. 1991)) and Act 346 (A.C.A. §16-93-301—304 (1987)) appear to protect only the records of probationers whose convictions have been expunged.
Accordingly, it is my opinion that the probation files of persons placed on probation under Act 378 or Act 346 are generally public records subject to public inspection, unless and until the probationer's conviction has been ordered expunged. Of course, as was noted in Opinion No. 89-080, a specific file may contain information that is exempt from inspection under the FOIA or other laws. This possibility necessitates an evaluation of each file prior to release.
 (5) Arkansas Adult Probation Commission Standards and the Interstate Compact procedures provide that the supervising jurisdiction receive the monthly supervision fee paid by adult probationers. When a probationer who has been court-ordered by the sentencing court to pay a specific monthly supervision fee subsequently transfers supervision to another Arkansas jurisdiction or another state through the Interstate Compact Agreement, what supervision fee is to be collected, the fee established by the sentencing court or the established fee in the area to which the supervision was transferred?
When a probationer is transferred intrastate, A.C.A. § 5-4-308
(1987) provides that jurisdiction over the probationer may be transferred, in the discretion of the supervising court, to a court of comparable jurisdiction in the receiving county, provided that the latter court concurs in the transfer. A.C.A. §5-4-308(a) (1987). When such a transfer of jurisdiction is made, the court in the county to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the transferring court. A.C.A. §5-4-308(b) (1987). Accordingly, it appears that the court to which jurisdiction is transferred would have the power to modify the transferring court's order imposing a probation supervision fee to reflect the supervision fee currently established in the receiving jurisdiction. In the absence of such a modification, however, it is my opinion that the original supervision fee ordered by the sentencing court should be collected.
Section 5-4-308 appears to be limited to the intrastate transfer of probationers. It is thus my opinion that absent similar authority with regard to the interstate transfer of probationers, the original probation supervision fee imposed by the Arkansas court should govern. While the Interstate Compact Agreement attached to your request might result in a probationer who is transferred to another state being held to have agreed to pay a different supervision fee than that ordered by the sentencing court, the agreement would not, in my opinion, provide authority for the modification of the sentencing court's order. Indeed, the Agreement provides that the probationer must comply with the conditions of probation as fixed by both the State of Arkansas and the receiving state. This could be interpreted to mean that the supervision fee ordered by the Arkansas court would remain in effect despite the transfer of the individual to another state.
In conclusion, absent some legal authority for the modification of the sentencing court's order imposing the supervision fee, it is my opinion that the fee as so ordered should be collected, rather than the established fee in the receiving jurisdiction. Of course, the sentencing court might be petitioned to modify the supervision fee to comply with the established supervision fee in the receiving jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch